UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey W. Thibodeau                                    Civil No. 06-458 (JNE/SRN)

            Petitioner,

      v.                                                **REPORT AND**
                                                       **RECOMMENDATION**

Terry Carlson,

            Respondent.

_____

Jeffrey W. Thibodeau, *pro se*.

Kimberly Parker, Esq., State of Minnesota, Assistant Attorney General on behalf of Respondent.

_____

      **THIS MATTER** is before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus.  (Doc. No. 5.)  The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

**I.      BACKGROUND**

      On April 28, 2004, following a jury trial on charges of first, second and third degree criminal sexual conduct in violation of Minn. Stat. §§ 609.342 subd. 1(b), 609.343 subd. 1(b), 609.344 subd. 1(b), Petitioner was found guilty of all three counts and convicted of first degree criminal sexual conduct.  (Pet.'r's Pet. Habeas Relief at 1.)  Petitioner was sentenced to eighty-four months in prison.  (Id. at 2, 5.)

1

In his direct appeal to the Minnesota Court of Appeals, Petitioner raised seven issues, some of them in his pro se appellate brief.  The Minnesota Court of Appeals affirmed the decision of the trial court, and Petitioner filed a petition for review to the Minnesota Supreme Court on January 19, 2006.  While this petition was still pending, on February 1, 2006, he filed a Petition for Writ of Habeas Corpus.  (Doc. No. 1.)

On March 6, 2006, the State of Minnesota filed the Motion to Dismiss Petition for Writ of Habeas Corpus presently before the Court.  (Doc. No. 5.)  On March 14, 2006, the Minnesota Supreme Court denied Petitioner's petition for review, thus concluding his direct appeal.  State v. Thibodeau, No. A04-2125, 2006 Minn. LEXIS 127, at *1 (Minn. March 14, 2006).  Petitioner filed his Response on the same day.  (Doc. No. 9.)

## II.      DISCUSSION

The State of Minnesota moved for dismissal of Petitioner's Petition for Writ of Habeas Corpus on the grounds that Petitioner's petition for review to the Minnesota Supreme Court was still pending, arguing that Petitioner had failed to exhaust his claims.  (Resp. Mem. Supp. Mot. Dismiss at 5.)  While the State's argument was meritorious at the time the State filed its motion, See e.g. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982), the Minnesota Supreme Court has since denied Petitioner's petition for review and thereby ended his direct appeal.  Therefore, the grounds on which the State of Minnesota moves for dismissal are moot.  As the State asserted no alternative arguments for dismissal, the Court recommends that the State's Motion to Dismiss be denied as moot.

In the event the District Court adopts this Report and Recommendation, the Respondent is ordered to file a responsive memorandum to the pending Petition for Writ of Habeas Corpus no later than thirty days from the date of that Order.

## III.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

I.      Defendant's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc No. 5) be **DENIED AS MOOT**.

Dated: January 5, 2007

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) a party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 22, 2007**, a writing which specifically identifies those portions of this Report which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order of judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.