**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Jeffrey W. Thibodeau,** **Civil No. 06-0458 (JNE/SRN)**

**Petitioner,**

**v.** **REPORT AND RECOMMENDATION**

**Terry Carlson, Warden,**

**Respondent.**

---

Petitioner Jeffrey W. Thibodeau, pro se, MCF-Moose Lake, 1000 Lake Shore Drive, Moose Lake, Minnesota, 55767

Kimberly R. Parker, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota, 55101, for Respondent

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of District Court on Jeffrey W. Thibodeau's petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition. The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be dismissed with prejudice.[1]

## I. BACKGROUND

On April 28, 2004, Petitioner was convicted by a jury in Rice County of first, second, and third degree criminal sexual conduct. He was sentenced to eighty-four months imprisonment.

[1] Upon review of the records and proceedings herein, the Court finds that an evidentiary hearing in this matter would not assist in resolving Petitioner's claims.

Petitioner appealed the judgment of conviction, and the judgment was affirmed by the Minnesota Court of Appeals.[2] State v. Thibodeau, No. A04-2125, 2005 WL 3527122 (Minn. Ct. App. Dec. 27, 2005). Petitioner appealed to the Minnesota Supreme Court, which denied review on March 14, 2006.

Petitioner filed his petition for a writ of habeas corpus in federal court on February 1, 2006. He alleges four types of claims: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) judicial misconduct; and (4) insufficiency of the evidence. Respondent subsequently moved to dismiss the petition.[3]

## II. DISCUSSION

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

---

[2] The Minnesota Court of Appeals held that the trial court did not abuse its discretion by excluding evidence of the complainant's sexual history; there was adequate evidence for the jury to conclude Petitioner was guilty of first-degree criminal sexual conduct; the trial court properly denied a hearing regarding a juror's ambiguous remark; Petitioner waived his right to allege prosecutorial misconduct because he did not object at trial; the complainant did not perjure herself; the trial court did not commit judicial misconduct in its evidentiary rulings or by allowing the prosecution to amend the complaint to include two lesser-included charges; and Petitioner received effective assistance of counsel.

[3] When Petitioner filed his habeas petition, his request for review was pending before the Minnesota Supreme Court. Respondent moved to dismiss the petition because the Minnesota Supreme Court had not yet ruled. By the time the Court addressed the motion, however, the Minnesota Supreme Court issued its decision, and the Court denied the motion to dismiss as moot. This case is presently before the Court on Respondent's second motion to dismiss.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

A habeas petitioner must exhaust his state court remedies before presenting his claims in a federal habeas petition, and he does so by fairly presenting his federal constitutional claims to the highest available state court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A federal claim is fairly presented when the petitioner refers to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004).

If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right, under state law, to raise the claim by any available procedure, 28 U.S.C. § 2254(c).

A constitutional claim is procedurally defaulted if it was not fairly presented in the state courts, and if the state courts would no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Thus, if a petitioner failed to fairly present a federal habeas claim to a state court, the habeas court must decide whether state law would prevent him from raising those

claims in a state court. Minnesota state law instructs that "where a direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). There are two exceptions to the Knaffla rule: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal; or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal, and fairness requires review. Townsend v. State, 723 N.W.2d 14, 18 (Minn. 2006). If Knaffla would bar the petitioner from raising his claims in a state court, such claims are defaulted.

A habeas court may not review a procedurally defaulted claim unless the prisoner can demonstrate either cause and prejudice for the default, or that failing to consider the claim would result in a fundamental miscarriage of justice. Id.; McCall, 114 F.3d at 758. Prejudice need not be considered if a petitioner cannot show cause. Id. The miscarriage of justice exception is available only to a petitioner who has shown that a constitutional violation has probably resulted in the conviction of an innocent person. Id. If neither the cause-and-prejudice nor the fundamental miscarriage of justice exception applies, the procedural default cannot be excused, and the petition must be denied. Carney v. Fabian, 441 F. Supp. 2d 1014, 1029 (D. Minn. 2006).

In the present case, Respondent argues that Petitioner did not fairly present any of his federal claims to the Minnesota Supreme Court, and therefore, the claims are procedurally defaulted. Respondent also contends that all of the issues fail on the merits as well. Petitioner contends that he relied on appellate counsel to present all of his claims in his state court appeals, and that his appellate counsel did not advise him to file a pro se supplemental brief with the

Minnesota Supreme Court, as he was advised to do with the Minnesota Court of Appeals.

A review of Petitioner's submissions to the Minnesota Supreme Court reveals that Petitioner generally referred to the federal constitutional rights to an impartial jury and to due process in presenting a meaningful defense. His petition states:

> In his Pro Se Supplemental Brief, petitioner raises the following issues: (1) did prosecutorial misconduct throughout the trial and closing argument deny petitioner his due process right to a fair trial; (2) was petitioner denied his right to a trial before an impartial judge; (3) was the evidence sufficient to uphold the conviction; (4) was it error to amend the complaint to add the charges of second- and third-degree criminal sexual conduct; and (5) was petitioner denied his right to the effective assistance of counsel.

The pro se supplemental briefs filed in the Minnesota Court of Appeals were appended to Petitioner's petition for review to the Minnesota Supreme Court.

The Court now turns to Petitioner's claims to determine if they were fairly presented and, if so, to determine the merits of each claim.

**A. Sufficiency of the Evidence**

Petitioner challenges the sufficiency of the evidence introduced against him at trial. However, Petitioner failed to raise a federal constitutional claim concerning sufficiency of the evidence in his petition for review to the Minnesota Supreme Court. Rather, Petitioner merely incorporated the issue of sufficiency of the evidence by referring to his pro se supplemental briefs and by appending the supplemental briefs to the petition for review. It is true that where a state supreme court allows incorporation of materials contained in the appendices to the petition for review, a petitioner may fairly present the federal nature of his claims if the federal nature of the claims appears in the appendices. Insyxiengmay v. Morgan, 403 F.3d 657, 668-69 (9th Cir. 2005). Minnesota Rule of Civil Appellate Procedure 117 describes the contents of the appendix

to a petition for review:

> [T]he appendix shall contain the decision and opinion of the Court of Appeals, the judgments, orders, findings of fact, conclusions of law, and memorandum decisions of the trial court or administrative agency, pertinent trial briefs, and any portion of the record necessary for an understanding of the petition.

Minn. R. Civ. App. P. 117, subd. 3. "The petition should be accompanied by any documents pertinent to the Supreme Court's review." Id. cmt. (1983). It is implicit in Rule 117 that the Minnesota Supreme Court will consider pro se supplemental briefs appended to the petition for review.

Rule 117 does not aid Petitioner, however, because he did not cite to the federal constitution in his pro se supplemental briefs. He cited only state law cases in support of his claim that there was insufficient evidence to support his conviction.[4] None of the cases cited by Petitioner discuss, or even mention, federal constitutional law. Accordingly, the federal nature of the sufficiency of evidence claim was not fairly presented to the Minnesota Supreme Court. Therefore, the next question is whether the claim is procedurally defaulted.

Under Knaffla, the insufficiency of the evidence claim could not be considered in a subsequent petition for postconviction relief. None of the exceptions to the Knaffla rule apply, and the claim is therefore procedurally defaulted. The Court must now determine whether Petitioner has shown cause and prejudice to excuse the default.

Petitioner asserts he relied on appellate counsel to properly raise all issues on appeal, but his appellate counsel did not challenge the sufficiency of the evidence under federal

---

[4] Petitioner cited State v. Butenhoff, 155 N.W.2d 894 (Minn. 1968); State v. Artez, 176 N.W.2d 81 (Minn. 1970); State v. Packer, 295 N.W.2d 266 (Minn. 1980); State v. Bauer, 288 N.W.2d 16 (Minn. 1980); and State v. Volstad, 287 N.W.2d 660 (Minn. 1980).

constitutional law. The Court will liberally construe Petitioner's argument as a claim of ineffective assistance of appellate counsel.

An ineffective assistance of counsel claim must be presented to the state courts before it can be used to establish cause for a procedural default. Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995). Further, the habeas petitioner must have presented the same specific claim of ineffective assistance of counsel to the state courts as he alleges in the habeas petition. Id. Petitioner did not present his claim that his appellate counsel failed to present federal constitutional claims in the state courts, and thus, he cannot excuse procedural default on this basis. See id. (barring claim where the petitioner did not argue in state courts that counsel failed to preserve his federal claims). Ineffective assistance of counsel does not excuse Petitioner's procedural default on his sufficiency of the evidence claim.

Petitioner also alleges actual innocence based on sufficiency of the evidence in his habeas petition. Although it appears that Petitioner may have intended the actual innocence claim as a substantive basis for relief, Petitioner's claim is that his trial was tainted by constitutional error. Where a claim of actual innocence is accompanied by an allegation of constitutional error, the actual innocence claim operates as a gateway to review other constitutional violations. Amrine v. Bowersox, 128 F.3d 1222, 1227 (8th Cir. 1997); Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1159 (N.D. Iowa 2000). This means the claim is a procedural claim addressed under the actual innocence exception to the procedural default analysis, as opposed to a substantive claim addressed under the higher standard required to obtain relief where actual innocence is alleged. Neuendorf, 110 F. Supp. 2d at 1159-60; see also Schlup v. Delo, 513 U.S. 298, 314-16 (1995). Therefore, the Court must address whether Petitioner has

shown that a fundamental miscarriage of justice would result in the conviction of an innocent person if his claim is not addressed on its merits. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

To make such a showing, a habeas petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 316. Evidence is "new" if it was not available at trial and could not have been discovered earlier through the exercise of due diligence. Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1998). The petitioner must demonstrate, in light of the new evidence, that it was more likely than not that no reasonable juror would have convicted him. Schlup, 513 U.S. at 327.

Petitioner has not offered new evidence of innocence that could not have been discovered earlier. In his pro se supplemental briefs to the Minnesota Court of Appeals, Petitioner alleged that his trial counsel failed to present the testimony of an alleged witness who would testify the victim told her she lied about the crime. According to Petitioner, his counsel interviewed the witness before trial but declined to have her testify. This evidence, which relates to differences between a witness's testimony and a statement made by the complainant to the police, was discoverable before the conclusion of the trial. As Petitioner has not offered new evidence of actual innocence, his procedural default is not excusable.

**B. Judicial Misconduct**

Petitioner alleges that the trial judge erred by suggesting to the prosecution that it amend the complaint to include lesser charges. Petitioner also alleges that the trial judge committed acts of misconduct indicating impartiality. Petitioner did not cite to the United States

Constitution, or any state or federal case raising a federal constitutional issue, in his petition or in the appendix to the petition to the Minnesota Supreme Court. Consequently, Petitioner did not fairly present the federal nature of this claim to the state court.

The Knaffla rule would now bar Petitioner from raising the judicial misconduct claim in state court because he could have raised a federal claim on direct appeal but failed to do so. Neither of the Knaffla exceptions applies, and the judicial misconduct claim is procedurally defaulted. Petitioner has not shown cause and prejudice, nor actual innocence to excuse the procedural default.

**C. Prosecutorial Misconduct Based on Comments by the Prosecutor**

Petitioner presented his prosecutorial misconduct claim to the Minnesota Court of Appeals, but the court refused to address the claim because Petitioner did not raise an objection at trial. The Minnesota Court of Appeals relied on firmly established precedent, Roby v. State, 547 N.W.2d 354, 357 (Minn. 1996), for the proposition that, with few exceptions, a claim is waived if an objection is not made at trial. Id.

A claim is procedurally defaulted if a state court declines to address the claim because it was not raised according to state procedural rules. See Clemons v. Luebbers, 381 F.3d 744, 751 (8th Cir. 2004) (finding procedural default where claim was barred for failure to preserve issue for appeal). The Court finds that the prosecutorial misconduct claim based on comments by the prosecutor is procedurally defaulted, and Petitioner has not shown cause and prejudice or actual innocence to excuse the default.

**D. Prosecutorial Misconduct Based on Knowing Presentation of Perjured Testimony**

The Minnesota Court of Appeals addressed this prosecutorial misconduct claim on the merits. Specifically, the court rejected Petitioner's claim that the prosecutor committed misconduct by offering perjured testimony of the complainant and by conspiring to alter transcripts to hide the perjury. Petitioner appealed this issue to the Minnesota Supreme Court but did not mention the federal nature of this claim in the body of his petition. He did, however, cite to a federal constitutional case, Mooney v. Holohan, 294 U.S. 732 (1935), in his supplemental pro se brief, which was appended to his petition. Thus, Petitioner fairly presented his prosecutorial misconduct claim with respect to the issue of perjured testimony, and the Court turns to the merits.

Petitioner alleges that the complainant committed perjury because she told the police in a statement on November 28, 2002, that when she awoke on Thanksgiving morning, her pants had been completely removed, and she felt Petitioner having intercourse with her. At trial, she testified that her pants were not removed but had been pulled down around her knees. Petitioner alleges that the prosecutor must have known about the perjury because in his opening statement, he told the jury that the victim's jeans and belt had been removed. The complainant also testified that she was on her right side when she woke up, and Petitioner was behind her. Petitioner alleges this was perjury because the complainant had told others that when she awoke, Petitioner was on top of her. Petitioner further alleges that the complainant perjured herself with respect to her testimony about his wife's reaction when the complainant told her what happened. Officer Kuchinka, who took the complainant's statement, testified that the complainant told him that Petitioner's wife, Norma, told her she should go to the police. However, the complainant

testified only that Norma told her everything would be okay. Other witnesses testified that the complainant told them that Norma told her not to tell anyone. Petitioner makes a related argument that the transcript was altered with respect to this inconsistent testimony.

As previously discussed, AEDPA limits habeas review to two types of state court adjudications: (1) decisions that were contrary to, or an unreasonable application of, clearly established federal law, and (2) decisions that were based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). With respect to the first category, Petitioner cites Mooney for the proposition that due process under the Fourteenth Amendment is not satisfied when a prosecutor contrives a conviction by presenting testimony known to be perjured. However, Petitioner does not allege that the legal analysis of the Minnesota Court of Appeals on his direct appeal was contrary to or involved an unreasonable application of Mooney. In denying Petitioner's prosecutorial misconduct claim, the Minnesota Court of Appeals stated:

> Appellant's contentions that complainant perjured herself or that the transcripts were altered are without merit. The differences between complainant's testimony and her guardian's testimony were minor, dealt with nonmaterial matters, and do not indicate perjury.

Thibodeau, 2005 WL 3527122, at *5. This holding certainly is not a contrary or unreasonable application of the Supreme Court's decision in Mooney. Rather, the Minnesota Court of Appeals did not find that Petitioner's contentions about perjury were material or even constituted evidence of perjury.

The second prong of § 2254(d) entitles Petitioner to habeas relief if the Minnesota Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d). Petitioner's claim is based on the contention that the complainant's inconsistent statements constitute perjury. Under

Minnesota law, a person who makes inconsistent statements under circumstances in which one or the other statement must be false, and not believed by the declarant when made, is guilty of perjury. Minn. Stat. § 609.48.

There is no evidence to suggest, however, that the complainant did not believe each statement to be true when she made it. This Court agrees with the Minnesota Court of Appeals' characterization of these inconsistencies as nonmaterial. The crime of conviction could have occurred whether the complainant's pants were removed or only pulled down. A thirteen-year-old might also be expected to describe intercourse as the perpetrator being "on top of her," but when questioned further, explain that she was lying on her side and he was behind her. It would be reasonable for a juror to believe that a thirteen-year-old girl reporting such a crime may not perfectly describe all of the details, or she may remember a particular detail differently after further thought. This is especially true in this instance where the complainant testified she was awakened from sleep by this incident. Furthermore, there is no credible evidence that the trial transcript was altered.

The jury heard the inconsistent testimony of the complainant and other witnesses and found Petitioner guilty. The prosecutor did not hide the inconsistent testimony. For example, the prosecutor presented Officer Kuchinka's testimony as to what the complainant reported to him days after the incident. Some of these details were inconsistent with the complainant's testimony at trial, but the jury had the opportunity to consider the inconsistencies. The prosecutor's presentation of inconsistent testimony did not constitute prosecutorial misconduct and did not violate due process in any way. Accordingly, the Minnesota Court of Appeals' decision that the prosecutor did not knowingly offer perjured testimony was not based on an

unreasonable determination of the facts in light of the evidence.

**E. Ineffective Assistance of Trial Counsel**

In his habeas petition, Petitioner alleges ineffective assistance of trial counsel, specifically, that his lawyer did not present the alleged evidence of perjury to the jury and did not present a witness to whom the complainant allegedly admitted she was lying. In his filings with the Minnesota Supreme Court, however, Petitioner did not cite to the United States Constitution or to any federal or state case addressing the right to effective assistance of counsel under federal law. He only cited authority pertaining to his right to effective assistance of counsel under Minnesota state law. Thus, it appears that Petitioner did not fairly present his federal ineffective assistance of counsel claim to the highest state court.

In Baldwin v. Reese, however, the Supreme Court suggested that a federal habeas petitioner could preserve a federal claim otherwise subject to a procedural bar if the state and federal claims are clearly identical. Brimmer v. Fabian, No. 04-5005 (JNE/SRN), 2006 WL 3804311, at *11 n.5 (D. Minn. Dec. 26, 2006) (citing Baldwin, 541 U.S. at 34). Minnesota state courts apply the same standard to state and federal claims of ineffective assistance of counsel, both of which arise under the Sixth Amendment to the United States Constitution. Id. (citing State v. Shoen, 578 N.W.2d 708, 717 (Minn. 1998)). Indeed, in this case, the Minnesota Court of Appeals addressed Petitioner's ineffective assistance of counsel claim under identical state and federal law. Thibodeau, 2005 WL 3527122, at *6. Thus, construing Baldwin broadly, the Court finds that Petitioner exhausted his federal ineffective assistance of trial counsel claim, and the Court will proceed to the merits.

The Minnesota Court of Appeals identified Strickland v. Washington, 466 U.S. 668

(1984), as the authority applicable to ineffective assistance of counsel claims. Petitioner has not challenged the appellate court's application of Strickland's clearly established precedent, and this Court therefore will review whether the decision was based on an unreasonable determination of the facts in light of the evidence presented. See Honeycutt v. Roper, 426 F.3d 957, 959 (8th Cir 2005) (where the state court identified Strickland test as the applicable standard for an ineffective assistance of counsel claim, the federal court's review is limited to whether the decision was based on an unreasonable determination of the facts in light of the evidence).

Strickland involves a two-part inquiry. First, Petitioner must show that his counsel's representation fell below an objective standard of reasonableness, considering all of the circumstances. See Strickland, 466 U.S. at 688. Second, any deficiencies in counsel's performance must have been prejudicial. Id. at 694. Petitioner must show a reasonable probability—a probability sufficient to undermine the outcome—that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id.

The Minnesota Court of Appeals stated the following with respect to Petitioner's ineffective assistance of trial counsel claim:

> Appellant claims ineffective assistance of counsel but does not refer to any specific shortcomings. A review of the record indicates that appellant received a thorough and vigorous defense. While appellant may have disagreed with some of his counsel's tactics, counsel is responsible for trial strategy, and an appellate court will not review matters of trial strategy.

Thibodeau, 2005 WL 3527122, at *6. A review of Petitioner's pro se supplemental brief to the Minnesota Court of Appeals reveals that he did present specific arguments to support his ineffective assistance of counsel claims, although the allegations relate to counsel's trial strategy,

as the state appellate court found.[5]

Moreover, assuming arguendo that Petitioner's trial counsel's performance fell below an objective standard of reasonableness, Petitioner has not shown a reasonable probability that but for the errors, the outcome of the proceeding would have been different.

As to Petitioner's claim that his lawyer should have presented a witness to testify that the complainant admitted she was lying, a reasonable juror could disbelieve such testimony based on the DNA evidence presented at trial. A mixture of DNA, including sperm cells, was found on the clothing the complainant wore on the date of the incident. DNA testing excluded 98.1% of the general population as contributors to the mixture, and Petitioner's DNA was part of the 1.9% of the population that could not be excluded as a contributor.

Relatedly, Petitioner claims that his lawyer should have exposed the complainant's alleged perjury, but Petitioner has not shown that this would have changed the outcome of the trial. In a videotaped police interview, Petitioner said that his penis might have touched the complainant if she had crawled into bed with him and his wife. This evidence could certainly suggest to a reasonable juror that any inconsistencies in the complainant's testimony could be explained by something other than perjury. This evidence could also explain why counsel chose not to accuse the complainant of perjury. Counsel is entitled to broad discretion in making tactical litigation decisions, Strickland, 466 U.S. at 689, and Petitioner's counsel's decision not to accuse the complainant of perjury was not an abuse of this prerogative.

---

[5] Petitioner alleged in his direct appeal that his counsel failed to play the complainant's taped statement to police, did not subpoena a witness to testify that the complainant admitted to lying about the incident, did not present certain medical evidence, and did not expose the complainant's perjury.

In sum, Petitioner has not established that the outcome of the proceeding would have been different but for counsel's errors, and his ineffective assistance of trial counsel claim is without merit.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that:**

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be **DENIED**;
2. Respondent's Motion to Dismiss (Doc. No. 15) be **GRANTED**; and
3. This action be **DISMISSED WITH PREJUDICE**.

Dated: October 24, 2007

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 9, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.